UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| YELLOW PAGES PHOTOS, INC.,<br><br>　　　　Plaintiff,<br><br>v.<br><br>ZIPLOCAL, LP,<br><br>　　　　Defendant. | **REPORT AND RECOMMENDATION TO DENY PLAINTIFF'S MOTION FOR EQUITABLE SUBORDINATION (DOC. NO. 39), SUSTAIN SECURED CREDITOR'S OBJECTION TO WRIT OF GARNISHMENT (DOC. NO. 32), AND DISCHARGE WRIT OF GARNISHMENT (DOC. NO. 26)**<br><br>Case No. 2:18-mc-00817<br><br>District Judge Dale A. Kimball<br><br>Magistrate Judge Daphne A. Oberg |

In this post-judgment collection proceeding, Plaintiff Yellow Pages Photos, Inc. is attempting to collect on several judgments obtained against Defendant Ziplocal in prior litigation in the United States District Court for the Middle District of Florida.[1] Yellow Pages sought and obtained a writ of garnishment from this court on Ziplocal's bank accounts.[2] Nonparty Bridal Veil Holdings, LLC, filed an objection to the garnishment, arguing it has a prior and superior interest in the bank accounts and funds therein.[3] Yellow Pages then filed a motion for equitable subordination, conceding Bridal Veil's interest has priority, and asking this court to "equitably

---

[1] (Pl.'s Mot. for Equitable Subordination ("Mot.") 2, Doc. No. 39; *see also* Registration of Foreign J., Doc. No. 2.)

[2] (*See* Appl. for Garnishment, Doc. No. 25; Writ of Garnishment, Doc. No. 26.)

[3] (*See* Secured Creditor Bridal Veil Holdings, LLC's Obj. to Writ. of Garnishment and Req. for a Hr'g ("Obj. to Garnishment"), Doc. No. 32.)

1

subordinate Bridal Veil's lien beneath [Yellow Pages'] judgment liens" because Ziplocal and Bridal Veil colluded to shield Ziplocal from its creditors.[4] Specifically, Yellow Pages argues Bridal Veil and Ziplocal are both owned by Kevin Shea, whose "insider fiduciary violations and self-dealing" created an "unfair advantage" for Bridal Veil.[5] Yellow Pages also contends Bridal Veil and Ziplocal inequitably acted as "both the debtor and creditor as instrumentality of the other, whenever desired by either entity."[6]

In response, Bridal Veil argues equitable subordination may not be pursued outside of a bankruptcy proceeding and, even if it could, such a claim is inappropriate in a post-judgment collection proceeding.[7] Bridal Veil also contends the motion should be denied because it is effectively a motion for summary judgment, and Bridal Veil has had no opportunity to conduct discovery or defend against the claim.[8] In reply, Yellow Pages argues this court, as a court of equity, is authorized to order equitable subordination, and may do so in a post-judgment

---

[4] (Mot. 10, 16, Doc. No. 39 ("[T]his Court has two grounds to equitably subordinate Bridal Veil's priority interest.").)

[5] (*Id.* at 10.)

[6] (*Id.*)

[7] (Obj. and Resp. to Pl.'s Mot. for Equitable Subordination ("Opp'n") 5–15, Doc. No. 46.)

[8] (*Id.* at 15–17.)

proceeding.[9] Yellow Pages further contends it is not seeking summary judgment, and Bridal Veil has no need for discovery.[10]

As explained below, because Yellow Pages' claim for equitable subordination cannot be brought in a post-judgment collection proceeding, the undersigned recommends[11] the district judge deny Yellow Pages' motion.[12] Where Yellow Pages concedes Bridal Veil's interest in the garnished property has priority, the undersigned also recommends the district judge sustain Bridal Veil's objection to the writ of garnishment,[13] discharge the writ,[14] and release the garnished property.

## LEGAL STANDARDS

Rule 69 of the Federal Rules of Civil Procedure provides that procedures and "proceedings supplementary to and in aid of judgment or execution [] must accord with the

---

[9] (Pl.'s Reply to Bridal Veil Holdings, LLC's Obj. and Resp. to Pl.'s Mot. for Equitable Subordination ("Reply") 3–8, Doc. No. 47.)

[10] (*Id.* at 8–9.)

[11] On February 12, 2019, District Judge Dale A. Kimball referred this case to the undersigned magistrate judge under 28 U.S.C. § 636(b)(1)(A), specifically referring "all nondispositive pretrial matters, including all matters related to the garnishment dispute." (Doc. No. 11.) The Tenth Circuit has held "a district court may refer post-judgment matters to a magistrate judge under the 'additional duties' provision of 28 U.S.C. § 636(b)(3), so long as the district judge retains the ultimate responsibility for decision making." *Gaiters v. City of Catoosa*, 226 F. App'x 826, 829 (10th Cir. 2007) (unpublished) (citing *Colo. Bldg. & Constr. Trades Council v. B.B. Andersen Constr. Co.*, 879 F.2d 809, 811 (10th Cir. 1989)). In light of this, the undersigned issues this decision as a report and recommendation.

[12] (Mot., Doc. No. 39.)

[13] (Obj. to Garnishment, Doc. No. 32.)

[14] (Writ of Garnishment, Doc. No. 26.)

procedure of the state where the court is located."[15] Moreover, Rule 64 specifies that judgment creditors may use every remedy available "under the law of the state where the court is located . . . for seizing a person or property to secure satisfaction of the potential judgment."[16] Where this court is located in Utah, Utah law applies.

## ANALYSIS

As explained below, Yellow Pages' motion for equitable subordination[17] should be denied because an equitable subordination claim cannot be brought in this post-judgment collection proceeding. Because Yellow Pages' equitable subordination claim cannot be brought in this case, the court need not address any of the parties' other arguments.[18]

In its objection to Yellow Pages' motion, Bridal Veil argues it is improper to bring an equitable subordination claim in a post-judgment collection action.[19] Specifically, Bridal Veil contends equitable subordination is a substantive claim triggering constitutional due process protections, and this post-judgment proceeding does not provide Bridal Veil with the safeguards to which it is entitled.[20] In support of this argument, Bridal Veil relies heavily on *Brigham Young*

---

[15] Fed. R. Civ. P. 69(a)(1).

[16] Fed. R. Civ. P. 64(a).

[17] (Doc. No. 39.)

[18] (*See* Mot. 10, 12, Doc. No. 39; Opp'n 5, 15, Doc. No. 46.)

[19] (Opp'n 9–15, Doc. No. 46.)

[20] (*Id.* at 10.)

*University v. Tremco Consultants, Inc.*,[21] where the Utah Supreme Court held a plaintiff could not execute a judgment against third parties in a post-judgment collection proceeding.[22] Yellow Pages responds that equitable subordination is proper in a post-judgment proceeding, and argues *Tremco* is factually distinguishable.[23] Yellow Pages also relies on *Great Western Savings Bank v. George W. Easley Co., J.V.*,[24] where the Alaska Supreme Court held courts of equity have the inherent power to order subordination in collection proceedings.[25]

      Bridal Veil is correct: as *Tremco* illustrates, claims like those brought by Yellow Pages must be raised in separate proceedings to ensure the accused parties enjoy due process protections. In *Tremco*, the plaintiff sought to satisfy its judgment against the defendant by executing against the property of the defendant's officers, who were not parties to the underlying case or the post-judgment collection proceeding.[26] The plaintiff made a number of arguments in support of its position that it could execute against the third parties, all of which the court rejected.[27] Relevant here, the plaintiff argued the corporation's officer should be liable for the judgment against the corporation because the officers and the defendant corporation were

---

[21] 2007 UT 17, 156 P.3d 782.

[22] *Id.* ¶ 48.

[23] (Reply 5–8, Doc. No. 47.)

[24] 778 P.2d 569 (Alaska 1989).

[25] *Id.* at 581.

[26] 2007 UT 17, ¶¶ 11, 30.

[27] *See generally id.* ¶ 1.

functionally equivalent.[28]  Although the plaintiff did not actually assert an alter ego claim, the court considered the plaintiff's claim to be based on an alter ego theory.[29]

The *Tremco* court rejected the plaintiff's arguments, holding a claim founded on an alter ego theory "is a civil action that must be prosecuted in the manner prescribed in the Utah Rules of Civil Procedure, commencing with the filing of a summons and complaint and not . . . abbreviated collection procedures."[30]  The court concluded any claim of alter ego must be brought in separate proceedings—because collection proceedings do not provide a party who was not a part of the underlying litigation with constitutionally necessary due process safeguards.[31]  These protections include the right "to receive service of process, conduct discovery, enjoy the protections afforded by a trial—including a jury trial and the allocation of the burden of proof—and the right to appeal."[32]  Unlike nonparties who claim an interest in property at issue, "[a] judgment debtor appears in court having consumed his ration of due process and with his property exposed in summary proceedings."[33]

---

[28] *Id.* ¶ 33.

[29] *Id.* ¶¶ 39, 43.

[30] *Id.* ¶ 39.

[31] *Id.* ¶¶ 38–40.

[32] *Id.* ¶ 40.  Yellow Pages argues Bridal Veil may seek discovery in this post-judgment proceeding through Rule 64 of the Utah Rules of Civil Procedure.  (Reply 8, Doc. No. 47.)  But the type of discovery contemplated by Rule 64 relates to writs and the execution of a judgment, not substantive claims of alter ego and breach of fiduciary duties.  *See, e.g.*, Utah R. Civ. P. 64(c) ("Procedures in aid of writs.").

[33] *Tremco*, 2007 UT 17, ¶ 30.

Bridal Veil contends that where Yellow Pages' equitable subordination claim is founded on an alter ego theory, *Tremco* precludes Yellow Pages from bringing an equitable subordination claim in a post-judgment collection action.[34] Yellow Pages argues *Tremco* can be distinguished on three grounds. First, in *Tremco*, the plaintiff sought to expand the liability of a judgment to a third party, whereas here, Yellow Pages does not ask the court to hold Bridal Veil liable for the judgment against Ziplocal.[35] Second, *Tremco* did not involve equitable subordination, and Yellow Pages does not bring an alter ego claim like the one brought in *Tremco*.[36] Third, unlike the third party in *Tremco*, Yellow Pages contends Bridal Veil is a party seeking affirmative relief from the court in this case (namely, Bridal Veil has asked the court to determine its interest has priority over Yellow Pages').[37]

The factual distinctions advanced by Yellow Pages are off target. The first and second distinctions are immaterial because Yellow Pages seeks to deprive Bridal Veil of a property interest through an alter ego-type claim, regardless of whether Yellow Pages seeks to hold Bridal Veil liable for the judgment against Ziplocal or brings a formal alter ego claim. Similar to *Tremco*, Yellow Pages' equitable subordination claim essentially amounts to an alter ego theory. Yellow Pages alleges Bridal Veil and Ziplocal operated "as instrumentalit[ies] of the other, whenever desired by either entity," and Bridal Veil received "an unfair advantage" because Mr.

---

[34] (Opp'n 12–13, Doc. No. 46.)

[35] (Reply 6, Doc. No. 47.)

[36] (*See id.* at 7.)

[37] (*See id.* at 6–7.)

Shea controls both Bridal Veil and Ziplocal.[38] No matter the label, these amount to alter ego and collusion arguments—Yellow Pages contends Bridal Veil and Ziplocal are owned by the same person and act as one entity to elude judgment. As *Tremco* illustrates, claims like this must be brought in their own proceedings to ensure the accused parties enjoy due process protections, which cannot be fully provided in a post-judgment collection action.

Yellow Pages' third attempt to factually distinguish *Tremco*—its argument that Bridal Veil is a participating party in this case—is similarly of no consequence. Bridal Veil is only participating in this action as a nonparty movant for the limited purpose of objecting to a writ of garnishment. And this is merely a post-judgment collection action, not a standalone proceeding with its attendant trial rights and allocation of the burden of proof.[39] As a nonparty to this proceeding, Bridal Veil does not receive the benefit of, for example, responding to a complaint filed against it with a motion to dismiss. Like the third party in *Tremco*, Bridal Veil "face[s] the coerced deprivation of property . . . without ever having a civil action brought against" it.[40] Permitting Yellow Pages to proceed with a substantive equitable subordination claim against Bridal Veil in this post-judgment collection proceeding would contravene due process principles. If Yellow Pages seeks subordination of Bridal Veil's acknowledged property interests, it must file a separate suit against Bridal Veil.[41]

---

[38] (Mot. 10, Doc. No. 39.)

[39] *See Tremco*, 2007 UT 17 ¶ 40.

[40] *Id.* ¶ 30.

[41] As Bridal Veil points out, the Bankruptcy Code requires equitable subordination claims to be brought as standalone actions. (*See* Opp'n 13, Doc. No. 46 (citing Fed. R. Bankr. P. 7001(8)).)

Finally, Yellow Pages' reliance on *Great Western Savings Bank*[42] is misplaced. Although the Alaska Supreme Court affirmed a district court's subordination of a lien in that case, it did so in one paragraph, based only on the grounds that "the order of subordination can be viewed as an order in aid of collection of the judgment which is within the inherent power of the court."[43] Where Utah state law governs this collection dispute[44] and *Tremco* is directly on point, *Great Western Savings Bank* is unhelpful.

## RECOMMENDATION

Because it is improper to bring substantive, alter ego-type claims in a post-judgment collection action against a third party who was not a party to the underlying litigation, the undersigned RECOMMENDS the district judge rule as follows:

1. DENY Yellow Pages' motion[45] for equitable subordination.

2. Because Yellow Pages concedes Bridal Veil's interest in the garnished property has priority over Yellow Pages' interest in the same,[46] SUSTAIN Bridal Veil's objection[47] to

---

While this is not a bankruptcy proceeding, it is instructive and compelling that the Bankruptcy Code requires equitable subordination be brought in its own case.

[42] (*See* Reply 5, Doc. No. 47.)

[43] *Great W. Sav. Bank*, 778 P.2d at 581.

[44] *See* Fed. R. Civ. P. 69(a)(1); Fed. R. Civ. P. 64(a).

[45] (Mot., Doc. No. 39.)

[46] (*See, e.g.*, *id.* at 10 ("[T]his Court has two grounds to equitably subordinate Bridal Veil's priority interest.").)

[47] (Obj. to Garnishment, Doc. No. 32.)

the writ of garnishment, DISCHARGE the writ of garnishment,[48] and RELEASE the garnished property.

The parties are notified of their right to object to this recommendation.[49]  Any objection to this report and recommendation must be filed within fourteen days.  Failure to object may constitute waiver of objections upon subsequent review.

DATED this 5th day of January, 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[48] (Writ of Garnishment, Doc. No. 26.)

[49] *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b).